# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EVERETTE L. WALKER,

          Plaintiff,

v.                               Case No. 25-CV-1493

HOBART POLICE
DEPARTMENT, et al.,

          Defendants.

# ORDER

Currently pending before the court is the Everette L Walker's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.)

Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Walker seeks to sue the Hobart Police Department and several of its officers. He complains of actions taken during his arrest and subsequent detainment in Brown County jail on the evening of June 2, 2025. (ECF No. 1 at 1-4.) He lists claims of

discrimination, unlawful arrest, false imprisonment, defamation, negligence, emotional distress, and violation of due process. (ECF No. 1 at 5.) He seeks $20 million in compensatory and punitive damages. (ECF No. 1 at 5.)

## I. Screening Standard

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A complaint that fails to state a claim upon which relief may be granted is subject to dismissal. In determining whether a plaintiff has stated a claim, under 28

U.S.C. § 1915(e)(2)(B)(ii) the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint, which the court accepts as true at this stage.

**II.    Analysis**

Walker ties his claims for relief to 42 U.S.C. § 1983, which requires him to identify a person or persons acting under color of state law who violated his federal rights. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). Because

§ 1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009), Walker must further allege the specific conduct by the individual personally responsible for the constitutional violation. *See Brown v. Milwaukee Cnty. Jail*, No. 19-CV-1285, 2020 WL 5057760, at *2 (E.D. Wis. Aug. 27, 2020) (citing *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003)) ("That is, for liability to attach, the individual defendant must have caused or participated in a constitutional violation."); *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) ("Another impediment to [Plaintiff's] § 1983 claim is her failure to identify specific state actors who personally participated in the conduct of which she complains.").

Walker's complaint identifies several officers by name as he recalls his arrest and detainment. (ECF No. 1 at 1-4.) But he relies on conclusory statements ("I was illegally detained"; "I was falsely imprisoned") and does not allege specific conduct by the officer personally responsible. (ECF No. 1 at 1; ECF No. 3 at 6). Walker's allegations, "devoid of further factual enhancement," *Iqbal*, 550 U.S. 56, fail to go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint is generally unclear about which officer did what in Walker's retelling of events. A few named defendants are barely mentioned. Merely invoking the name of a potential defendant in the caption is not enough to state a claim. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). And the lack of further facts alleged does

not give the officers "fair notice of the claim and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Walker may wish to allege a claim of unlawful arrest against Officer Kola. *See Leaver v. Shortess,* 844 F.3d 665, 669 n.1 (7th Cir. 2016) ("A warrantless arrest without probable cause gives rise to a Fourth Amendment claim for false arrest ...."). But he has not adequately pled facts to show there was not probable cause for his arrest. *See Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016). As it stands, his allegations are too underdeveloped to give rise to a claim.

Other issues preclude Walker from successfully stating a claim for relief. Walker asserts several times that he was not read his *Miranda* rights. (ECF No. 1 at 2, 5.) But as the Supreme Court recently explained, a plaintiff may not sue a police officer under § 1983 based on allegations that he was not properly Mirandized. *Vega v. Tekoh*, 597 U.S. 134 (2022). Nor may Walker seek relief from the Hobart Police Department, as it is not a separate entity subject to suit in a § 1983 claim. *See Whiting v. Marathon C'nty Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004).

### III. Conclusion

Walker's complaint fails to show he is entitled to relief from Hobart Police Department or any other named individual and must be dismissed with prejudice. However, Walker is permitted at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, Walker will have thirty days to file an amended complaint that cures the deficiencies identified in this decision. Walker is reminded that his amended complaint does not need to be

long and should focus on the specific conduct of the individual who personally violated his rights.

If an amended complaint is received by the deadline, the court will screen it as required by 28 U.S.C. § 1915(e)(2). If an amended complaint is not received, the court will dismiss this action based on Walker's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Walker's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.** If Walker wishes to proceed with this lawsuit, he must file an amended complaint within thirty days of this order.

Dated at Green Bay, Wisconsin this 17th day of October, 2025.

> *s/ Byron B. Conway*
> BYRON B. CONWAY
> United States District Judge